RANKIN *against* BLACKWELL, Survivor of HALLETT.

Where there are strong circumstances, to suspect a note has been fraudulently altered, general corroborating circumstances may be admitted in evidence to strengthen the suspicions ; as that other notes drawn and indorsed by the same parties, to take up one of which the note in question was given, had been altered.

THIS was an action of *assumpsit*. The plaintiff declared on a promissory note, drawn by Blackwell and Hallett, in favor of Arnold and Ramsay, and indorsed by them to the plaintiff. The cause was tried at the last March sittings, in New York, before the chief justice.

The signature of Blackwell and Hallett was proved to be in the hand-writing of Hallett. The defence set up, was, that the note, after it had been made and issued, had been altered, in the date, and by changing three hundred into thirteen hundred dollars. To support this defence, the defendant offered to prove, 1. That former notes drawn and indorsed by the parties, *and to take up [*199] one of which the present note was made, had been altered; 2. A written memorandum made by his deceased partner, of the amount of the note, as actually made; 3. The alterations apparent on the note itself, from which the jury might decide whether the note had been altered or not; but the judge overruled the evidence offered, and charged the jury, that the mere appearance of alterations on the face of the note, unaided by any proof as to the character of the persons through whose hands it had passed, was not sufficient to support the defence set up. The jury, accordingly, found a verdict for the plaintiff, for the full amount on the face of the note, with interest.

A motion was made to set aside the verdict, and for a new trial.

*Riker*, for the defendant.

*B. Livingston*, contra.

*Per Curiam.* The defence in this case rested on the

proof of forgery. The evidence that *former notes drawn and indorsed by the same parties, to take up one of which the present note was given, had been altered*, ought to have been admitted; for it would have served to show what was the real consideration for the note, and thus lead to the detection of the forgery. The mode of this proof is not stated; but we must presume, that it would have been legal. Where a defendant can show strong circumstances, such as erasures, &c. to render a note suspicious, he ought to be allowed to go into evidence of general corroborating circumstances, to strengthen that suspicion.

The memorandum of the deceased partner was properly rejected; for it was nothing more than the act of [*200] *the party himself. The alterations on the face of the note, unsupported by other proof, would not be competent evidence; but if any previous testimony had been offered, to show that the note was given for a less sum, or to render it probable that a fraud had been committed, the alteration on the face of the note would have been a strong corroborating circumstance, if not decisive, of the truth of the fact. On the first ground, we think that there ought to be a new trial, with costs to abide the event of the suit.

New trial granted.(a)

(a) See Cowen & Hill's notes to 1 Phill. Ev. 298, 299, 300, 453 ; *Cumberland Bank* v. *Hall*, 1 Halst. 215 ; see *Sayre* v. *Reynolds*, 2 South. 737.