CUMMING and CUMMING *against* HACKLEY and FISHER.

*The mere giving a bond for the debt of another, is no payment; and an action for money paid, laid out and expended for the use of the defendant, will not lie, unless the plaintiff has actually advanced money.*

*The giving a negotiable note may, in some cases, be equivalent to the payment of money; but the giving a bond is not such payment.*

THIS was an action of *assumpsit,* for money paid by the plaintiff for the defendant. The cause was tried at the *New-York* sittings in *December,* 1809, before Mr. Justice *Yates.*

The plaintiffs and defendants in 1803 and 1804, were, respectively, partners in trade. On the 1st of *September,* 1803, the defendant *Hackley* made three promissory notes, amounting together to 1,556 dollars and 71 cents, in the partnership name of *Hackley & Fisher,* in favour of the plaintiffs, and for the purpose, as he alleged, of being endorsed by the plaintiffs to *N. Laurence,* in renewal of a note of the defendants for 1,527 dollars and 25 cents, held by *Laurence.* The two first notes were

endorsed by the plaintiffs to *William Adamson*, and by him to *Byrne & Smith*, and not being paid, the plaintiffs and *Adamson* were duly charged, and became liable as endorsors. The third note was endorsed by the plaintiffs to other persons, but was not produced *at* the trial.

The plaintiffs produced a note, dated 1st *Sept.* 1803, drawn by them in favour of the defendant for 1,527 dollars and 25 cents, which note *Laurence* received in payment of the original note held against the defendants, and at the same time made an additional advance to the defendants of 700 dollars, upon another note of the plaintiffs for that sum, which last-mentioned note was paid by the plaintiffs when it became due.

When the notes above mentioned were made, the defendants had stopped payment. The plaintiffs were in good credit, but stopped payment before the notes became due. A commission of bankruptcy issued against the plaintiffs the 14th *December*, 1803, and an assignment of their estate was executed the 18th *February*, 1804, and the certificate was obtained on the 3d *May*, 1804. *Laurence* proved the notes delivered to him by the plaintiffs, under the commission of bankruptcy against them. *Adamson* having paid the holders of the notes endorsed by him, brought an action against the plaintiffs, as makers; and *D. A. Cumming*, one of the plaintiffs, on the 15th of *April*, 1807, executed to *Adamson*, for the amount of the two notes, two bonds, the one payable in 18 months, and the other in two years. These bonds have not been paid. The defendants were discharged under the insolvent act of this state, on the 28th *July*, 1804, and in the inventory of their estate, represented the above three notes as due by them, and endorsed by the plaintiffs, without mentioning the holders. The present suit was commenced after the payment of the two first notes, as above mentioned, and before either of the bonds was payable.

On the 1st of *Feb.* 1808, *D. A. Cumming* assigned to a trustee, under a settlement before marriage of the estate of his wife, the demand against the defendants on the three notes, with other property, of which notice was given by the trustee to the parties concerned. The plaintiffs, afterwards, in *December*, 1808, were discharged under the insolvent act of this state.

The judge charged the jury, that the bonds given by *D. A. Cumming*, amounted in law to a payment by the plaintiffs of the two first notes, and that such payment entitled them to maintain their action for the amount, with interest. But the jury found a verdict for the defendants.

A motion was made to set aside the verdict, and for a new trial.

*D. B. Ogden*, for the plaintiffs, contended, on the authority of the case of *Barclay* and *Proctor* v. *Gooch*,\* that the giving the bonds was a payment of the notes. In that case, Lord *Kenyon* held, that where a person gives a promissory note for the debt of another, which the creditor accepts as payment, it is a payment of money to the party's use, and may be recovered as such.

That *D. A. Cumming* having given in the bonds in his own name, had a right to declare in what capacity, and on what account, he gave them. *Quicquid solvitur, solvitur secundum modum solventis.*

*Harris* and *T. A. Emmet*, contra. The case of *Barclay* and *Proctor* v. *Gooch*, was overruled in the case of *Taylor* v. *Higgins*,† in which it was decided, that giving a bond and warrant of attorney, for a former debt, would not support an affidavit of a cause of action, as *so much money paid* to the use of the defendant. In the case of *Nightingale* v. *Devisme*,‡ it was urged, that an

\* *Esp. N. P. Cas.* 571.

† 3 *East*, 169.

‡ 5 *Burr.* 2592.

action for *money* had and received to the use of the plaintiff, would not lie for *stock*, as it is not *money.*

This is an action for *money paid* by the plaintiff to the use of the defendants, and the right of the plaintiff must be tested by the principles of that action. It is an *assumpsit*, raised by law, in consideration of a benefit done by the plaintiffs to the defendants. There must be *money paid.* It is not pretended that the plaintiffs have ever paid any money. They have merely given bonds, which are not, and never will be paid, for the plaintiffs are discharged under the insolvent law. Again, the money must be paid *by the plaintiffs;* but the bonds were given by *D. A. Cumming* only. A bond or payment by *A.* is not a bond or payment by *A.* and *B.*

In *Brand and another* v. *Boulcott,*[*] it was held, that if two persons each paid money for another, they could not maintain a joint action, but must sue separately.

[* *3 Bos. & Pull.* 235.]

So if three persons join in a bond of indemnity, and two of them pay the whole money, they cannot join in an action of contribution against the third.[†]

Again, the money must be paid to the *use* of the plaintiffs; and to be for their use, it must be for their benefit; but the defendants could not be liable to *Adamson*, to whom the notes were given, for they were discharged.

[† *Kelby & Vernon* v. *Steel.* 5 *Esp. Cas.* 193.]

*Ogden*, in reply. The endorsor, *Adamson*, after the discharge of the defendants under the insolvent act, paid the notes, and had a good right of action against them, so that the defendants were benefited by giving the bonds in payment of the notes. If this is substantially, and in effect, a discharge of the notes, it is equivalent to a payment of so much money to the use of the defendants.

The case of *Taylor* v. *Higgins* is not an authority. It is grounded on a particular statute in *England* relative to affidavits to hold to bail.

*Per Curiam.* The plaintiffs sue in an action of *as-*

*sumpsit* for money paid for the defendants, and the question is, whether giving a bond in discharge of the liability of the plaintiffs, as endorsors of two negotiable notes drawn by the defendants, is to be considered as a payment of money.

As between the parties to the bond, it may be sufficient to discharge the simple contract debt, because it is changing the security to one of a higher nature. (6 *Johns. Rep.* 90. 2 *Johns. Cas.* 198. 5 *Tyng's Rep.* 26.) But is such a change of security the actual payment of money under this count? In *Taylor* v. *Higgins*, (3 *East*, 169.) the court of king's bench held it not to be equivalent to the payment of money, and not sufficient to entitle the party to recover under such a count. It seems to be a rule that under a count for money paid, it must appear that money was actually advanced. (*Spurrier* v. *Elderton*, 5 *Esp. N. P.* 1.) An obligation to pay is not the same thing as the actual payment. A bond has no analogy to cash. There are some cases in which the giving negotiable paper has been held equivalent to the payment of money, (2 *Esp. N. P.* 571. 5 *Tyng's Rep.* 299.) and there may be some reason for this distinction; for otherwise a party may be obliged to pay a debt twice, if the paper should pass into the hands of an innocent endorsee. But the case in *East* is directly in point, that the giving a bond is no payment.

The technical rule operates with perfect justice in this case; for the bond has not been and never will be paid, as the plaintiffs have since been discharged under the insolvent act; and if the money now demanded was to be recovered, their estate would receive it, without ever having given an equivalent.

The motion, on the part of the plaintiffs, to set aside the verdict, must therefore be denied.

Rule denied.