### DOLE, Plaintiff in error *v.* HAYDEN.

Where upon a settlement of mutual accounts a promissory note was given for the balance supposed to be due, but by a mistake in the computation of the accounts the note was made for twenty dollars more than in truth was due, it was held that the debtor might recover this sum against the creditor, although the note still remained unpaid.

This was a writ of error brought to reverse a judgment rendered upon the report of referees appointed by a rule of this Court. The original action was a general *indebitatus assumpsit* upon an account annexed to the writ, which, by the agreement of the parties, was referred in common form at *September term* 1819, " the report to be made as soon as may be in any county, "judgment thereon to be final, and execution to issue according-" ly." On the twenty-first day of the same *September*, the referees made a special report, which was returned, read and accepted *February term* 1820, in the county of *Norfolk*.

The report made on the back of the rule was in these words —" Pursuant to the within rule the referees within named met " at the office of *Bradshaw Hall*, Esq. in *Castine*, on the twentieth " day of September instant, and having fully heard the parties,

Dole *v.* Hayden.

"it appears that a full settlement was made between them on "the fifth of *October* 1816, when a balance was found due "*Daniel N. Dole* of $207,83, for which sum *Hayden* gave his "note payable on demand, and which note was exhibited to us "by said *Dole* as unpaid, except an indorsement thereon of fifty "dollars; and it further appears to the referees that a mistake "was made in said settlement, against said *Hayden*, of twenty "dollars. The referees therefore report that the said *Hayden* "recover against the said *Dole* the sum of twenty-three dollars "and fifty-five cents, being the said sum of twenty dollars "with interest thereon to this date, with costs of Court, and "costs of reference." This report was signed by all the referees.

Among the errors assigned were the following:

1. The record shews that the suit was instituted upon an account annexed to the writ, and that the referees found that a full settlement was made of said account and all demands between said parties long before the commencement of this suit, and that a large balance was due to the said *Dole*, yet the referees have awarded the sum of twenty-three dollars and fifty-five cents against him.

2. It appears from the record that on the settlement mentioned in the first error assigned, a note of hand was given by the said *Hayden* to the said *Dole* for the balance found due him, amounting to $207,83, which is still unpaid, and that an error was made in this settlement, of twenty dollars, which sum with the interest, the referees awarded to the said *Hayden*, whereas the award ought to have been for said *Dole*.

3. It appears by the rule that the report was to be made as soon as may be, and in any county, whereas it was delayed five months after the award, and was then made in the county of *Norfolk*, without notice to the said *Dole* or his attorney.

Plea, in *nullo est erratum.*

*Abbot*, for the plaintiff in error, contended, as to the two first errors, that no action would lie against him, until *Hayden* had paid the note given on the settlement; for until *payment* of the whole sum, the excess could not be considered as *money* in the hands of *Dole*, had and received to the plaintiff's use. And had the

note been sued, the mistake complained of might have been shewn as a good defence, *pro tanto*, against it.

*Orr* for the defendant.

WESTON J. after reciting the facts in the cause as before stated, delivered the opinion of the Court as follows:

There being mutual demands between these parties at the time of the settlement stated in the report, the whole account of the defendant in error may be understood to have been discharged, except twenty dollars, which, by mistake was not allowed to him ; for in whatever manner the mistake originated, his account remained virtually unsatisfied to the amount of the excess allowed to the plaintiff in error. This balance the original plaintiff might well recover in an action upon his account, it being an amount omitted to be allowed in the settlement.

As to the note of hand held by the plaintiff in error which remained unpaid at the time of the commencement of the action against him, and at the time of the award, although it gave him a right of action against the defendant in error, yet it could not avail him by way of set off. This could have been effected only by instituting a suit upon the note, in which case, if the two suits had gone *pari passu* to judgment, the one might, by a rule of Court, have been set off against the other.

Had the plaintiff in error, prior to the commencement of the original action against him, upon discovering the mistake, endorsed upon his note the amount which should have been allowed to the defendant in error, and given the latter notice that the mistake was thus corrected, his demand would have been fully satisfied, according to the original intention of the parties, and he could not afterwards successfully have maintained an action upon it. The plaintiff in error, however, did not take this course, but continued to resist the claim of the defendant, which we are of opinion was rightfully allowed to him by the referees in their award.

That part of the rule which provides that the report is to be made as soon as may be in any county, is a stipulation for the benefit of the prevailing party, that he may the sooner obtain judgment and execution. If the defendant in error therefore did not procure this to be done at the earliest possible period.

Dole *v.* Hayden.

he waived an advantage secured to himself, by which the plaintiff in error was not injured, and of which he has no right to complain. The Court at which it was returned accepted the report, and rendered judgment for the defendant in error, upon a full view of the merits of his case, specially exhibited to them by the award of the referees.

We are all satisfied that neither of the errors assigned can prevail to reverse the judgment.

*Judgment affirmed.*

See *Taylor v. Higgins*, 3 *East* 171. *Johnson v. Collins*, 1 *East* 102. *Israel v. Douglas*, 1 *H. Bl.* 239. *Barclay v. Gooch*, 2 *Esp. Rep.* 571. *Cumming v. Hackley*, 8 *Johns.* 202.