Duncan J.
delivered the opinion of the Court.
The first count in this declaration, has been properly abandoned b\ the defendant in error. The evidence demurred to, did not tend to maintain the special contract. A jury could not have reasonably inferred the facts from the evidence. He rests his case on the money count, for money paid, laid out, and expended, for the use of the plaintiff in error.
The main question is, could the receipt by Kimmel, of the bond of Berkey and Reed, received in payment and satisfaction for the bond of Vickroy, Piper and Berkey, which Morrison had bound himself to Vickroy to pay, and the judgment and levy thereon, but on which no money had been actually levied, support the allegation of money being ’paid by Berkey, for, and on account of Morrison.
The demurrer to evidence.is to be taken most strongly against him who demurs ; and where it is to circumstantial evidence, his adversary may refuse to join in the demurrer, *245 unless every fact is distinctly admitted on record,-and every conclusion which the evidence offered, conduced- to prove. So-if the evidence,Conflict, the party demurring, must admit that of his adversary to be true, so far .as • it conflicts with his own. .Where he does join, the Court act on the same principles, and'may-draw any conclusion which 'a jury, justifiably, might draw ; but ought not to make ’forced inier- . epees, where there is nothing from which-they can be drawn.
It is impossible, hebe to infer, that the plaintiff below paid any money on the transaction on- which he predicates the liability of 'Morrison. There is no spark of evidence'of an express promise of any kind by Morrison to Berkey. A moral obligation is a sufficient consideration to support an express . promise, but will not .raise an implied one. The legal obligation of Morrison-to Berkey, is supposed to be founded on Morrison’s covenant w'itb Vickroy, to discharge the original debt of Vickroy and- Piper, whose surety Berkey was to 'Kimmel, and on the parol promise of Morrison to Kimmel to pay it, and on the principle that de fació. Morrison became the debtor of Kimmel, with Berkey still' remaining' bound to Kimmel, and that Berkey having satisfied this debt is entitled in- his own name to this action against Morrison, as a surety, havirig a right to all the means-which Vickroy had against Morrison, on his covenant with him, or which Kim~ -mel had on his express promise to pay this-debt; and that by all this evidence, this becoming the proper debt of Morrison, which Sergey .was-,bound in law to pay, and which he has satisfied, Morrisori is liable over to' him as if he had actually .paid the money.
However just the general principle is, that where one comes under an obligation, to pay the debt of another, and does pay it, he may recover over, the Court refrains, from giving an opinion how far this principle would apply- to this case and these parties ; Because the allegation is, not that he entered into a new liability, or that he gave a new bond with security to pay the debt of Morrison, which was received in satisfaction of the former, which bond had been .put in suit, and he damnified by it, but that he actually paid the. money on account of Morrison. ' • ' '
In all actions on general money epunts, for money lent to defendant, or laid but. on his account,, or received by him for *246 the plaintiff* the technical rule is, that it must be proved accoraing to the allegation. A specific article, or security advanced for another, is not money paid on his account. The new security given here for the defendant’s debt, is not money, nor the current representative of money; it is a security, and nothing more, until it is actually paid. It is now tod well settled, to be debated or called in question, that a contract for a specific thing, as stock, or specific security,-is not the same as-m.oney,.and cannot be recovered as'.such. Nightingal v. Devisme, 5 Burr. 2592. -In this form of action, a surety qua surety, cannot sue the defendant until he has actually paid the money, though he may have- been sued and judgment against him. Powell v. Smith, 8 Johns. 192. The furthest Courts hate goné is, where a negotiable nóte, or bill of exchange has been given and* received in satisfaction for the debt of another. This will support the count for money laid out and expended. Cumming v. Hackley, 8 Johns. 156. But the giving any other surety will not. This has been decided on the principle of- negotiable paper, being the representative of money ; but a bond has no analogy, to cash. As hetween the obligor and the obligee, the receipt of one security as payment of another, given and received in satisfactibn, will discharge the first.
The judgment, and execution on the bond of Berkey and Seed, does not prove that the money was paid, and all conclusion of payment is excluded A jury could not presume it from the judgment and levy.- The Court cannot infer it contrary to the evidence.of the plaintiff, which is, that it was not. The judgment in this demurrer should have been entered for defendant below, because a bare liability to pay-the debt of another, whatever cause of action it may afford, could not give the same action, as an áctual payment on his account. . It is clear, that evidence of a liability to pay money on account of another, is different from the allegation that he has paid it. The grievance is different. The advance of a specific article, on account of another ;. security given for another ; the Court are of opinion, will not maintain a count for money paid for him. To recover on a general countfor money paid, it should appear to be' money actually and necessarily paid to the party’s use. There must be an actual advance of money. It has not been considered neces *247 sary to give any opinion on the admission of the bond in evidence, on which a bill of exceptions was filed. As the-Court are of opinion, that if it was properly received, the judgment Ought to have been for the defendant below. Had this cause been sent back to the Common Pleas, on the award of venire facias de novo, it would have been the duty of this Court to have decided on the exception.
The Court will hereafter direct the mode of entry of the judgment. .
The Court directed the entry.-—Judgment reversed, and judgment to be entered for defendant below, the plaintiff in error.
Judgment reversed.