Huston, J.
after stating the case, delivered the opinion of the court as follows:
Was the deposition evidence on either count in this declaration? Not on the first; for there, except in certain cases, the havinggiven. a negotiable note, nothing but the actual expenditure of money. will be admitted. Giving a bond for the debt of another will not support this count — of course giving property will not.
A count for money had and received has been supported without positive proof that money has been actually received, as, where goods were left a long time ago in a store to be sold — and the storekeeper would not produce them nor pay the price, it has been left to a jury to presume that the store-keeper had received the price of them. 8 John. 202. 9 Serg. & Rawle, 11. The case before the court differs in this — the horse was given absolutely in exchange for the patent right, to be kept as the party’s own property, not delivered to be sold, or the price of him accounted for in any way — no price was put on the horse by the parties. The witness *181 .thought him worth one hundred and fifty dollars. It was not proved nor offered to be proved that the horse had been sold and turn ed into money. No case has been cited to show that receiving a horse will support a count for receiving money.
It has been decided in New York, that an attorney or agent duly authorised to receive money and give an acquittance, who gives a receipt and discharges a debtor, is liable to an action for money had and received for his principal, and that he shall not-discharge himself by'proving, that in fact he received no money. 11 Johns. 464. It would seem his own receipt concludes him. The same point has been decided in Massachusetts — but I have found no case where receiving goods has been held sufficient. On the other hand there is an express decision that receiving India stock, will not support such count. 5 Burr. 2589. It was offering to prove what was not stated in the declaration, and what would not support it if proved, and therefore ought not to have been received.
Judgment reversed, and a venire facias de novo awarded.