The'opinion of the court was delivered by
Rogers, J.
It has been erroneously supposed, that it was adjudged by the late Judge M‘Kean, that a purchaser of mortgaged premises made himself personally liable to the mortgagee, for the amount due on the mortgage. If such had been the decision, it was well calculated to create alarm; as the assertion, by high authority, of a principle, heretofore not so understood by the profession, and most extensive in its operation. I was pleased to find on a careful examination, that this does not appear to have been his opinion. The charge of the court admits of this construction; and, when fairly considered, no other meaning can fairly be collected from it; that when there was an agreement that the vendee should pay the mortgage money, and afterwards the vendor had been compelled to pay the amount due on the mortgage, he could sustain an action for money paid, laid out, and expended against the purchaser. That an action will lie, where there is a special agreement cither express or inferred from circumstances, is-not. denied; for, it forms part of the purchase money or price of the land, which it is just, and in compliance with his agreement, that the vendor should pay. But the defendant contends there was no such agreement; and that, as there was no actual payment of money by Tanner, the common money counts cannot be sustained. The facts necessary to raise the only point in the cause are fully stated in the hill of exceptions. It is not pretended there was an actual payment of the money, nor was there what has been considered in some cases as equivalent. The parties continue the same, the debt *98 the same, but the security for the money is changed from a judgment, which is a- general lien, to a mortgage, which is specific. And this distinguishes’the case from Slaymaker v. Gundaker’s Executors, 10 Serg. & Rawle, 75, where the debt, as well as the securities were changed. Gundaker ceased to be liable on the old note, and Slaymaker alone was liable to the bank, whose agents considered it as a payment of the note, on which Gundaker was endorser. The situation of Kearney is in no respect changed, by the transaction which is alleged — to amount to payment. What is the necessary evidence t.o support án action for money paid, laid out, and expended, is clearly and explicitly ruled in the case of Morrison v. Burkey, 7 Serg. & Rawle, 238. A surety for another, on a bond, who gives the obligee a new bond with surety, and a warrant of attorney on which judgment is entered up, but no money is paid, cannot recover against the principal in an action on the common money counts for money paid, laid out, and expended. A specific article, or security advanced for another, is not .money paid on his account. To recover on a general count for money paid, it should'appear to be money actually and necessarily paid to the party’s use. There must be an actual advance of money. The same principle is again operative in the case of Doehler v. Fisher, 14 Serg. & Rawle, 179, and in divers analogous cases décided on the common count for money had and received. After such repeated recognition of the principle, (hat there must be an actual payment of money, it would Be unreasonable now to overthrow what has been so solemnly adjudged. It is better to suffer partial inconvenience than the law should have the appearance of having vibrated between two opinions. If the rule, stare decisis, has any application, it is here; and we have the less reluctance in adhering to these cases, as we consider this a mere question between a general and a special declaration. It is to be remarked, that there is no room for the presumption that the money was in fact paid by Tanner. The record negatives every presumption of the kind.
We have no doubt the plaintiff had a right to withdraw from the jury the demand of ground rent.
Judgment reversed, and a venire facias de novo awarded.