Rixford
*v.*
Brown.

Oct. 2d.

---

## ELIHU HOYT *et al.* Administrators, *versus* OLIVER WILKINSON.

31

Where one signed a note as surety, for the benefit of the principal, and died, and the note was laid before commissioners of insolvency on his estate and was by them allowed, but no part of it was paid by the intestate or his administrators, it was *held,* that the administrators could not maintain an action against the principal.

Where the intestate signed a note as principal with another person as his surety, for the benefit of the payee, and the payee negotiated it, and the surety paid the sum due on it to the indorsee and had the amount allowed him by the commissioners of insolvency, it was *held* that the administrators might bring an action against the payee, the payment being considered to have been made by the surety as the agent of the intestate or of his administrators.

Where two parties drew out an account of the sums due from each to the other, and on the same paper executed an instrument under seal with a penalty, in which they agreed that the paper contained every claim which either had against the other, and that when the account should be balanced all their securities against each other should be cancelled, it was *held,* that the sealed instrument was not a contract for the payment of money, and that it did not merge the simple contracts, but that the party to whom the balance was due might recover it in assumpsit on an *insimul computassent.*

ASSUMPSIT. The first count was for $2036·08, on an *insimul computassent* between Cephas Hoyt, the intestate, and the defendant, on September 11th, 1827 ; the second was for $4436·08 on a like *insimul computassent ;* the third was for money had and received ; and the fourth, for money lent and accommodated.

By a statement of facts it appeared, that before September

11th, 1827, the intestate signed a note with the defendant and as his surety, to J. E. Hall, for $1200 on demand with interest, the consideration of which was wholly for the defendant's benefit. The note was laid by Hall before the commissioners of insolvency on the intestate's estate, and was allowed for the sum of $1285·40.

In 1823, the intestate, for the accommodation of the defendant, signed a note as principal with H. Nims as his surety, for $1000, payable to the defendant, and the defendant indorsed it to Joseph Smith, who paid him the sum above mentioned. The defendant paid part of this note, and after the intestate's decease the balance was paid by Nims, who laid his claim before the commissioners of insolvency, and was allowed the sum of $565·99. No part of this note has been paid by the intestate or his administrators.

The intestate, before September 11th, 1827, for the defendant's accommodation, signed a note for $800, payable to the defendant, and which the defendant indorsed to J. Purple, who paid him the amount of it. This note went into the possession of P. L. Cushman, as guardian of Purple's heir, and was exchanged by Cushman in 1828 for a new note for the amount due, made by the intestate to the defendant and by him indorsed to Cushman. The commissioners allowed Cushman upon this note the sum of $960·75 ; no part of which has been paid by the administrators.

There were other dealings between the intestate and the defendant before September 11th, 1827. The defendant made out an account current and interest account, in which the balance to the credit of the intestate was $2036·08 ; and after the footing of the sums credited to the intestate were the following items : —

My note for my accommodation in the hands of the
   heirs of J. Purple  -  -  -  -  -  $800.
My note in the hands of J. E. Hall  -  -  1200.
My note in the hands of J. Smith, — balance due  400.

On the paper on which the account was drawn out, the intestate and the defendant executed an instrument under seal, dated September 11th, 1831, in which they agree that the paper contains every claim which either of them has against the other for

Hoyt<br>*v.*<br>Wilkinson.

debts, liabilities, obligations or demands ; and that whenever this account shall be balanced, all mortgages, bills of goods or any other property, and notes of hand, which either has against the other, shall be cancelled. At the time of executing this instrument, they gave up or cancelled the evidences of indebtedness which either held against the other, on the items contained in the account.

If upon the foregoing facts the Court should be of opinion that the action was sustainable, the defendant was to be defaulted, and the damages were to be assessed by the Court.

*J. H. Ashmun* and *H. G. Newcomb*, for the plaintiffs.

*Sept.* 30*th.*

*Wells*, for the defendant. The amount of the three notes cannot be recovered in this action, as they have not been paid by the intestate or his administrators. *Chilton* v. *Whiffin*, 3 Wils. 13 ; *Goddard* v. *Vanderheyden*, ibid. 262 ; *Young* v. *Hockley*, ibid. 346 ; *Taylor* v. *Higgins*, 3 East, 169 ; *Maxwell* v. *Jameson*, 2 Barn. & Ald. 51 ; *Tom* v. *Goodrich*, 2 Johns. R. 213 ; *Powell* v. *Smith*, 8 Johns. R. 192 ; *Cumming* v. *Hackley*, ibid. 156.

**33**

All preceding dealings, except the three notes, were merged in the sealed contract. If there had been no·seal, assumpsit might have been sustained on this contract, without going into proof of the items ; and consequently, there being a seal, debt or covenant will lie. The contract is an implied covenant to pay the balance stated. 1 Swift's Dig. 354, 175 ; *Graves* v. *White*, 2 Freem. 57 ; *Brice* v. *Carr*, 1 Lev. 47 ; *Pordage* v. *Cole*, 1 Saund. 320 ; *Cramer* v. *Bradshaw*, 10 Johns. R. 484. If debt or covenant will lie, this action of assumpsit cannot be supported. *Kimball* v. *Tucker*, 10 Mass. R. 195 ; *Banorgee* v. *Hovey*, 5 Mass. R. 25 ; Bac. Abr. *Debt*, *G* ; — *Obligations*, *A*, note ; — *Extinguishment*, *D* ; *Toussaint* v. *Martinnant*, 2 T. R. 100 ; *Drake* v. *Mitchell*, 3 East, 259 ; *Shack* v. *Anthony*, 1 Maule & Selw. 573 ; *Twopenny* v. *Young*, 3 Barn. & Cressw. 208 ; *Curson* v. *Monteiro*, 2 Johns. R. 308 ; *Bank of Columbia* v. *Patterson's Adm'r.* 7 Cranch, 299.

*Per Curiam.* We think there is nothing in the contract under seal which should prevent the plaintiffs from maintaining assumpsit. It is not a contract to pay money ; it is a release of mutual demands, except those enumerated ; which remain

*Oct.* 2*d.*

Hoyt
v.
Wilkinson.

just as if there had been no release. A specialty is not substituted for the simple contract.[1] The intestate and the defendant agree, "that whenever this account shall be balanced, then and at such time all mortgages, bills of goods or any other property, and notes of hand, which either party holds against the other, shall be cancelled." This is precise. When the account shall be balanced, the securities shall be given up ; but the instrument is not a contract to pay the balance ; it does not merge the original demands.

But another effect may be given to this contract. It is an admission of the existence of the demands enumerated ; it is like any other acknowledgment of a debt. It supports the allegation of an *insimul computassent*.

34

On the first count the plaintiffs are entitled to recover the balance therein set forth.

The note held by Cushman cannot be charged to the defendant, as it has not been paid. This is the common case of a surety ; who must pay the debt before he can recover against his principal.[1] So of the note given to Hall.

The note signed by Nims as surety for the intestate, stands on a different footing. Nims having paid it, acquired thereby a right against the intestate's estate, and this gives the plaintiffs a right of action against the defendant. It was paid by the agent of the intestate, or of his representative, and this is the same thing as if it had been paid by the intestate himself. This opinion proceeds on the ground that the payment by Nims was previous to the commencement of the suit.

*Wells* said the fact was otherwise ; and the plaintiffs agreed to take judgment for the amount allowed by the Court, exclusive of this note.

*Defendant defaulted.*

---

[1] See Chitty on Contr. (4th Am. ed.) 607.
[1] See *Morrison* v. *Berkley*, 7 Serg. & Rawle, 238 ; *Miller* v. *Howry*, 3 Pennsylv. R. 380 ; *Hodges* v. *Armstrong*, 3 Devereux, 253.