## Pursel *against* Ellis.

An action for money paid, laid out and expended, can only be supported by proof of the actual payment of the money, or of the plaintiffs having given his own negotiable note for it, and not then, if it appear that the defendant is a surety on that note.

ERROR to the Common Pleas of *Lycoming* county.

This action was brought by Thomas Ellis, Esq., against Robert Pursel, for the recovery of a sum of money which the plaintiff alleged he paid, laid out, and expended for the defendant at his request, under the following circumstances.   In 1835, Abraham Bodine and Robert Pursel were desirous of purchasing a farm from Robert R. Shoemaker, and not being in possession of funds to pay the sum of $1000, which was required at the first payment, applied to the plaintiff, who it was supposed had the requisite money, to become

a purchaser in conjunction with themselves; and under a verbal arrangement, the plaintiff agreed to advance the money required to be paid upon the execution of the deed, and join them in the purchase. On the 10th August 1835, a written agreement was entered into, between Robert R. Shoemaker of the one part, and Ellis, Bodine, and Pursel of the other part, by which Shoemaker agreed to convey the farm to the purchasers, in consideration of $4800; $1000 of which was to be paid on the execution of the deed, and the balance to be secured by bonds and a mortgage upon the premises. On this agreement, each of the three purchasers paid $5.00 at its execution.

On the 17th September 1835, the parties, including Shoemaker, by a supplement to the agreement of that date, defined their respective portions as purchasers, each agreeing to take as his several portion, a particular division of the land, according to a survey made on the ground and represented by maps referred to in their supplementary agreement. Instead of taking a deed in common, and remaining jointly bound for the payment of the purchase money, each one of the purchasers agreed to take a separate deed for his allotment, and enter into bonds and mortgage for his respective portion of the unpaid purchase money. The supplementary agreement contained the following provision: " The sum of $1000 is to be paid by the said Robert, Thomas and Abraham, to the said Robert R. Shoemaker, for the proportional parts of each of the said purchasers, according to the respective quantities of land taken by them respectively in the said $1000."

When the agreement was executed, the plaintiff paid about $600 of the hand-money, and gave a negotiable note with Pursel and Bodine as sureties upon it to Shoemaker, for the balance of the hand-money $385, which was made payable at the Bank of Northumberland in 90 days. There was no proof that this note had yet been paid. The court below thus instructed the jury:

The holder of the note is presumed to be the owner, and it is not shown that this note is paid. If you believe this note to have been given by the three purchasers, as principals, the plaintiff is not entitled to receive anything on account of it; but if you believe it was given by the plaintiff in execution of the original understanding, that he was to advance the $1000, and that Pursel and Bodine signed it as his sureties, it paid the balance of the defendant's proportion of the hand-money, and if you believe plaintiff paid both on account of the hand-money, under the original understanding or under the clause in the agreement, the plaintiff is entitled to receive from him his proportion of it, as well as of the advancement in actual cash, according to quantity and value of the land, which the defendant obtained under the agreements, with interest from the time the money was paid and the note was given.

The defendant excepted to the charge and assigned it for error.

[Pursel v. Ellis.]

*Ellis* and *Armstrong*, for plaintiff in error, argued, that nothing short of the actual payment of the money would sustain an action for money laid out and expended, and giving a negotiable note, was tantamount to actual payment: but the note must be given by the plaintiff alone. Here, the money was not paid, and the note given was the note of the plaintiff with the defendant as a co-drawer with him, and that note still unpaid. This will not support the action. 5 *Serg. & Rawle* 9, 19 ; 5 *Rawle* 91 ; 14 *Serg. & Rawle* 199.

*Campbell*, contra. The giving of a negotiable note is equivalent to the payment of the money; and that the defendant was a co-drawer does not vary the rule; for Shoemaker agreed to accept it as payment; and this action was to recover it from the person who really owed it. 11 *Johns.* 516 ; 3 *N. Hamp.* 366 ; 8 *Johns.* 202 ; 4 *Pick.* 447 ; 9 *Mass.* 553 ; 1 *Hill* 234 ; 11 *Johns.* 518.

The opinion of the Court was delivered by

ROGERS, J.—This is an action on the case on a count for money paid, laid out, and expended. By the agreements in evidence, it is stipulated that the vendees are to pay to the vendor $1000 in hand, in the proportion of the value of the land which each took, according to an understanding between them, as their share of the purchase. The plaintiff alleges that he paid more than his proportion of the hand-money, and if this allegation be true, he is entitled to a contribution from the defendant in this form of action. Of the hand-money, the plaintiff, who was one of the purchasers, paid $605; each of the other purchasers, of whom the defendant was one, but $5. For the residue, viz., $385, Pursel, Ellis and Bodine, the vendees, gave their joint and several promissory note at 90 days, payable to the order of Robert R. Shoemaker, the vendor, at the Bank of Northumberland, with interest from the date, without defalcation. There is no evidence the note was paid. It was produced on the trial by the holder, and the charge is predicated on the position that it was unpaid, that it was a negotiable note, executed by Ellis as the maker, and Pursel and Bodine as sureties. The note is signed Robert Pursel, Thomas Ellis, and Abraham Bodine, and in that order; but, without stopping to inquire whether there is any evidence whatever that the parties to the note stood in the relation of principal and sureties, I shall take the fact as conceded, and examine the charge on that hypothesis.

The question is, whether this is such an instrument as to justify the instruction, that the amount overpaid can be recovered on a count for money paid. On this point, these principles must be taken as settled. A surety cannot maintain this action until he has actually paid the money, though judgment may have been recovered against him and execution levied. To this, there is an

[Pursel v. Ellis.]

an exception, for where a bill of exchange or negotiable note is given, and received in satisfaction of a debt, it will support a count for money paid. A distinction is taken between a bond and negotiable paper, because the latter is treated as money. A negotiable note, or bill of exchange, in the ordinary transactions of the commercial world, is equivalent to cash, and for this reason, will support a count for money paid. The following authorities are cited in support of the rule, and the exception. 7 *Serg. & Rawle* 238; 3 *Penn. Rep.* 380; 9 *Pick.* 337; 3 *N. Hamp.* 366; 8 *Johns.* 202: 2 *Vern.* 213; 4 *Pick.* 447; 9 *Mass.* 553; 1 *Hall* 234, 6; 11 *Johns.* 518; 6 *Greenl.* 333. If, therefore, Ellis had given his own negotiable paper, or a note even, with other endorsers, it is conceded it would have fallen within the principles of the cases above cited. But what is the case in hand? Pursel, Ellis, and Bodine are indebted to Shoemaker, and for the amount of their indebtedness, give a joint and several note at 90 days, which at maturity, and yet, remains unpaid. Can then, Ellis, on the ground that he was the principal and the others sureties, support a count for money paid?

The first inquiry is, by whom was the money paid? Certainly, not by Ellis alone, but by virtue of their joint and several note. In the eye of reason, it is a payment by all the joint debtors. If it had in truth been actually paid at maturity, or afterwards, by the principal, it would alter the case; but it remains unsatisfied, and each is bound to the holder of the note for the whole amount of it. If the defendant be held liable, it may be, that he may be compelled to pay it again to the holder. And, conceding that they are sureties, yet equity will not oblige them to pay, while subject to a contingent liability. Thus, in *Frantz* v. *Brown*, (1 *Penn. Rep.* 257), it is held, that chancery will enjoin an obligee in a bond or his assignee from proceeding at law while the obligor remains a loser or in jeopardy as a surety. The principle of *Frantz* v. *Brown*, fits the case in hand. Here, there is a contintingent liability for the amount of the note, which the defendant, for aught we know, may be compelled to pay. It is, therefore, against equity to enforce payment of the note on this, or any other count, except upon equitable terms of indemnity. That the original agreement is satisfied as to Shoemaker, is nothing, unless such circumstances exist, as between Pursel, Ellis and Bodine, as will enable the plaintiff to sustain his count against the present defendant. There is nothing in the other exceptions, which requires a special notice.

Judgment reversed, and a *venire de novo* awarded.