WASS & als., *Pet'rs for Partition, versus* BUCKNAM & *al.*

The division of an estate in the Probate Court, in which a parcel is set out to an heir long before dead, is invalid.

The entry of one tenant in common upon, and his subsequent possession of the common estate, is regarded as the entry and possession of all, unless an exclusive right is asserted, and an intention manifested to hold it *adversely* to the co-tenants. Mere possession and receiving rents is not evidence of an *ouster*.

A *seizin* by a married woman in her own *right*, without a seizin *in fact*, will entitle her husband at her death to become tenant by *curtesy*.

While *such tenancy* continues, no *adverse* possession of the estate can be set up against those entitled to the remainder after the termination of his estate.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

PETITION FOR PARTITION, wherein William Wass, Benj. C. Coffin, and Lucy S. Coffin, wife of said Benjamin, requested ten fifty-sixths of a parcel of land containing twenty-nine square rods and the dwellinghouse thereon, situated in Columbia, and occupied by Geo. A. Bucknam and Elizabeth Bucknam, the respondents. The boundaries were set forth.

At the April Term, 1854, the respondents pleaded that the petitioners were not seized at the time of filing their petition as tenants in common with the respondents of the premises; but that the respondents and those under whom they claimed had been in the open, exclusive and adverse possession of the same for more than forty years prior to the filing of said petition.

In the division of the estate of John Bucknam, who died in 1799, the premises fell, one-half to his wife, and the other half in equal parts to the daughters Mary and Anna. His wife died intestate in 1804, leaving seven children, Mary, above named, and John, having previously died without issue, intestate. The names of the surviving children were William, Jeremiah, Ichabod, Samuel, Robert, Nathan and Anna.

Ichabod was the husband of Elizabeth, one of the respondents, and the father of the other.

Anna, in 1795, married one William Wass, and died in 1809, and her husband also died in 1851. Four children

were the issue of this marriage, two of whom are the petitioners.

On the decease of the wife of John Bucknam, a division of her estate was made in the Probate Court, a record of which was offered in evidence by the petitioners, and received subject to objection, but the full Court rejected it as inadmissible, as it purported to assign a share to one who had long been dead.

It was in evidence, that upon his mother's death, Ichabod assumed the control and management of the *premises*. In 1811 he built up the cellar wall and rented the premises part of the time; in 1816 he was married and moved upon them and continued to occupy them until his death, in 1846.

He frequently let a portion of them by the year, and no one beside Ichabod was ever known to demand or receive any rent. While such was the occupation of the premises, the husband of Anna lived near by, and made no claims at any time; and that from time to time Ichabod repaired and rebuilt the house, overhauling the inside, and re-modelling it in part. And at intervals all through his life he was making changes and repairs thereon. Some of the minor children lived with him until after his mother's death.

It appeared that Mrs. Coffin was born in 1799, and William Wass, the other petitioner, in 1802.

The petitioners also put in, subject to objection, a warranty deed from Jeremiah Bucknam to William Wass and Ichabod Bucknam, of all the heirs' right to the house and lot belonging to the wife of the late John Bucknam, excepting that part belonging to William in right of his wife. This deed was executed and recorded in 1830.

On so much of the evidence as was admissible the full Court were to decide the cause according to law.

*P. Thacher,* for respondents.

1. The evidence shows an actual ouster of the co-tenants by the respondents and Ichabod Bucknam, under whom they claim, from 1804 to the commencement of this process. *Cummings* v. *Wyman,* 10 Mass. 464, and notes to Rand's

ed.; *Brackett* v. *Norcross,* 1 Greenl. 91; *Ricart* v. *Ricart,* 13 Pick. 253; Angell on Lim. 2d ed. pp. 460 — 468; *Prescott* v. *Nevers,* 4 Mason, 326.

2. The respondents and said Ichabod having ·been in actual possession for more than forty years prior to the commencement of this action, claiming to hold the premises in his and their own right, the same ' having· been adverse, open, peaceable, notorious and exclusive, this action cannot be maintained. Stat. of 1848, c. 87, Laws of 1848; Stat. of 1852, c. 240, Laws of 1852.

3. There was no such seizin of Anna Wass, the petitioners' ancestor, and her husband in her right during coverture, as would constitute her husband tenant by the curtesy upon her decease. 4 Kent's Com. 29, 7th ed.; *Jackson* v. *Johnson,* 5 Cowen, 74; 1 Bright's Husband and Wife, 116.

4. Being disseized at her death, the estate in curtesy could not attach to her husband, and no such estate intervened. 4 Kent's Com. 29, note, 7th ed.; 1 Greenl. Cruise, title v, c. 1, note, § 6.

At most it was a right not asserted, and became extinguished by adverse possession. The common law is not changed by R. S., c. 147, § 2, clause 2. *Witham* v. *Perkins,* 2 Greenl. 400.

5. The petitioner, Wass, might have brought his action for possession in 1823, when he became 21; the petitioners, Lucy S. Coffin and her husband, in 1820, when the disability of infancy ceased, being an infant when the right accrued, the disability of marriage never attached. Wass, petitioner, was therefore barred in 1848, and Coffin and wife, petitioners, in 1840. *Witham* v. *Perkins & al.·* 2 Greenl. 400; Angell on Lim. p. 523; Roscoe on Real Actions, pp. 498, 505 — 507.

6. The deed from Jeremiah to Ichabod Bucknam and Wass, the elder, is irrelevant and inadmissible. Nothing passed by it, as the grantor was out of possession at its date, and Wass was never in under it.

7. The return of the committee appointed to divide the

Wass *v.* Bucknam.

estate of Mary Bucknam, the elder and younger, is void, as it undertakes to assign portions to one many years dead.

*Lippincott*, with whom was *Fuller*, for the petitioners.

HOWARD, J. — The premises of which partition is sought, were a portion of the estate of John Bucknam; and were divided by commissioners in 1799, between his widow Mary, and his daughters Mary and Anna; one half part being assigned to the widow, and one quarter, in common, to each of the daughters. Mary, the daughter, died before her mother, intestate and without issue, and her portion was inherited by her brothers and sisters, including Anna, and her mother, in the proportion of one-eighth to each. On the death of the mother in 1804, her estate, embraced in the petition, was inherited by her seven children, including Anna, in common.

Anna was married to William Wass, senior, about 1795, and died in 1809, leaving their four children, two of whom are the petitioners, William Wass and Mrs. Coffin. They claim one quarter, each, of the estate of their mother, before mentioned. Their father, William Wass, senior, died in 1851.

It does not appear in what manner, or by whom the premises were occupied during the life of Mary Bucknam, the widow, and after her husband's death. But after her decease, her son, Ichabod Bucknam, the father of one of the respondents, and the husband of the other, assumed the control and management of the premises, occupying and improving them; repairing the buildings and letting portions occasionally and receiving rent, until his death in 1846. After his death the respondents "have continued so to occupy till this time," as stated in the report.

The return of the commissioners appointed to make division of the estates of Mary Bucknam, and her deceased children, John and Mary, is regarded as invalid, for the purposes of the present inquiry. It assumes to assign portions of those estates to persons not then living, and of course not competent to claim or take by such assignment.

The entry of one tenant in common into the common estate, and his subsequent possession, is presumed to be the entry and possession of all the co-tenants, unless otherwise explained and controlled. Each has a right to the possession of the whole estate; and such is the character of their estate that such possession is necessary for the full enjoyment of their legal rights respectively. So if one occupy the whole estate, it is not necessarily, nor by presumption of law, adverse to his co-tenants; but is in accordance with his title, and consistent with his rights, and in support of their common title. He is presumed to be in of right, and not for the purpose of excluding his co-tenants, or with the intention of effecting an ouster or disseizin.

There is no satisfactory evidence that the respondents, and those under whom they claim, ever asserted an exclusive right, or manifested an intention to hold the estate adversely to their co-tenants. The evidence of the character of their occupation and improvement, is consistent with the legal rights and interests of all concerned. Whether there were any surplus rents and profits, or in what manner the rents received were disposed of, does not appear.

Anna, the mother of the petitioners, was seized in her own right, of her interest in the premises, in common with the co-tenant, under whom the respondents claim, his seizin as co-tenant being as well for her as himself; and upon her death, her husband became tenant by the curtesy, and her children were entitled to the remainder, and to her interest upon the termination of the particular estate of the husband by his death. *Jackson* v. *Sellick*, 8 Johns. 202, 207; *Davis* v. *Nason*, 1 Peters, 507, 508; 4 Kent's Com., 29, 30. Where it is shown that the rigid doctrine of the English law, requiring the wife to be seized in fact and in deed, in order to entitle the husband to his curtesy, has been modified and relaxed in favor of his right.

If, during the life of the husband there was an adverse possession of the estate for more than forty years, as claimed by the respondents, it would not defeat the petitioners.

So long as they were out of possession, and without the right or power to acquire it, as was the case during the tenancy of the husband, no possession of another could be adverse to them, and no law of limitations could affect them. The law will not suffer a party to be so far circumvented, as to be deprived of his interests under its sanctions, and for the imputed laches of others, while it renders him incompetent to assert his rights. 2 Salk. 423; *Dow* v. *Danvers*, 7 East, 321; *Jackson* v. *Schoonmaker*, 4 Johns. 401; *Witham* v. *Perkins*, 2 Maine, 400.

The possession of the respondents, and those under whom they claim, not appearing to have been "adverse, open, peaceable, notorious and exclusive," constituted no bar to the rights of the demandants, either under the provisions of the Revised Statutes, c. 147, or the statutes of 1848, c. 87, and 1852, c. 240, even if no tenancy by the curtesy had intervened after the death of their ancestor. But as such tenancy did intervene, their rights must be deemed, for this purpose, to have accrued when such intermediate estate expired. R. S., c. 147, § 3, second and third clauses.

The construction of the Acts of 1848 and 1852, before cited, in reference to the question of constitutionality, is not called for by the facts disclosed, and becomes unimportant to the decision in this case. *Webster* v. *Cooper*, 14 How. 488, 502.

The petitioners are entitled to partition, according to their prayer.

SHEPLEY, C. J., and TENNEY, APPLETON and HATHAWAY, J. J., concurred.