## SARGENT *v.* CURRIER.

A vendee of personal property, who is compelled, in order to retain the property, to discharge an encumbrance existing at the time of purchase, may bring assumpsit for money paid against the vendor, within six years after discharging the encumbrance.

A. mortgaged his horse to B., and afterwards sold it to C. The horse passed by exchange from C. to D., from D. to E., and from E. to F.; C., D., E., and F., all being ignorant of the existence of the mortgage. B. then, by virtue of his mortgage, took the horse from F., and sold it at auction on the mortgage, for $100.00 to G. F. soon after bought the horse of G. for $100.00. Upon demand made by F., C. paid him $100.00; and, upon demand made by E., D. paid E. $100.00. *Held*, that D. could bring assumpsit for money paid against C., within six years after the payment of the $100.00.

ASSUMPSIT, by Jacob Sargent against Levi Currier, for money paid, and money had and received. Writ dated May 27, 1868. Plea: The general issue and brief statement of the statute of limitations. The plaintiff claimed to recover $100 and interest from June 2, 1862. One Carter, owning a horse, mortgaged it to one Hill, and afterwards sold it to defendant, September 4, 1861; and in one or two months after that time, the horse passed by exchange, from

defendant to plaintiff, and by exchange the horse afterwards passed to one Philbrick, and from him to one Hodgdon. Hill then took the horse on his mortgage from Hodgdon, and sold the horse on the mortgage for $100, at an auction sale June 2d, 1862; one Sawyer being the purchaser. Hodgdon soon afterwards bought the horse of Sawyer and paid him $100.

The defendant, plaintiff, Philbrick and Hodgdon, were not aware of the existence of the mortgage, until Hill took the horse from Hodgdon. Upon demand made by Hodgdon, Philbrick paid him $100, and upon demand made by Philbrick, plaintiff paid him $100, plaintiff made demand on defendant, and he refused to pay him anything. This suit was brought within six years of the sale on the mortgage, and the payment made by plaintiff to Philbrick, but more than six years after the contract of exchange between plaintiff and defendant. Two questions were reserved: First, can assumpsit for money paid, or had and received, be maintained? Secondly, is plaintiff's claim barred by the statute of limitations?

*Morrison & Stanley*, for plaintiff.

*Clark & Huse*, for defendant.

SMITH, J.   When the defendant exchanged horses with the plaintiff, he impliedly warranted the title to the horse given by him in exchange; and the defendant thereby became answerable to the plaintiff, in case the title proved defective, whether the defendant knew the defect of his title or not; 1 Par. on Con. 4th Ed. 457–8; 2 Kent's Com. 478. This implied warranty is not confined to the vendor's right to sell, but is, in substance, a warranty that his title is perfect, and free from all liens and incumbrances: See *Dresser* v. *Ainsworth*, 9 Barbour 619. The plaintiff, having paid Philbrick, who paid Hodgdon, who paid the amount requisite to relieve the property from the mortgage, is entitled, as against the defendant, to be regarded as having himself discharged the incumbrance. The property could not have been relieved from the mortgage without the payment; the payment, therefore, was not voluntary, but compulsory: See Grose J., in *Exall* v. *Partridge*, 8 Term 308, p. 311; Wilde J., in *Gleason* v. *Dyke*, 22 Pick. 390, p. 393–4. The plaintiff has been compelled to pay money, which the defendant ought to have paid; and which, as between the plaintiff and the defendant, the defendant was primarily liable to pay. A request may be implied, "if money be paid by a person in consequence of a legal liability to which he is subject, but from which a third person ought to have relieved him by himself paying the amount;" 1 Ch. Pl. 13th Am. Ed. 350, 351; 2 Green. Ev. sec. 114. It is upon the ground of an implied request, that sureties are allowed to maintain a count for money paid against their principals. *Hunt* v. *Amidon*, 4 Hill (N. Y.) 345, is an authority to the point, that the vendor of incumbered property is liable, in a count for money paid, to the purchaser who, is compelled to

discharge the incumbrance in order to retain the property : See, also, *Ticonic Bank* v. *Smiley*, 27 Me. 225 ; *Exall* v. *Partridge*, 8 Term 308 ; *McIntyre* v. *Ward*, 18 Vt. 434 ; *Kearney* v. *Tanner*, 17 Serg. & Rawle, 94 ; *Francisco* v. *Wright*, 2 Gilman (Illinois), 691, may, perhaps, be regarded as an authority favorable to the defendant.

Our conclusion is, that the plaintiff may maintain the count for money paid ; and that the statute of limitations is not a bar, because the cause of action did not accrue till the money was paid.

It is unnecessary to consider, whether the other count can be maintained.

*Case discharged.*