Per Curiam.

This was an actioafor money had and received, &e. pleas, non assumpsit, payment, and statute of limitations, and issues. The plaintiff offered in evidence two receipts signed by the defendant for goods deposited in his. store by the plaintiff. This evidence was objected to by the. defendant, but admitted by the court. It is our opinion that the evidence was properly admitted. It was the first link in the plaintiff’s chain of evidence; having proved the. deposit of the goods, he might have have gone on to prove that they had been sold by the defendant, and the money received by him, which would have been directly in support, of the action. But there was another exception to the charge of the court. The defendant prayed the court to instruct the jury, that if they should find, that the defendant did not make an assumption within six years before the bringing of the suit, their verdict ought to be for the defendant, on the issue of the statute of limitations, but the court charged, “ that from the nature of theplain-tiff’s demand, the statute of limitations was not a bar.” In this, we are of opinion, there was error. The plaintiff’s demand, was for money received by the defendant for his use, and in his replication to the plea of the statute of limitations, he affirmed that the defendant assumed within six years. The burthen of proof was therefore on him. If there had been any thing particular in his case, whieh would have exempted: it from the statute of limitations, the plaintiff ought to have set it forth in his replication, and not have replied that the defendant did assume within six years. On the issue joined, it was incumbent, on the plaintiff to prove an assumption'within six years, and-failing in that, the verdict ought to have been against him. The judgment is to be reversed,"and a venire de novo awarded.
Judgment reversed and & venire facias denovo awarded.