## SNAPP *v.* STANWOOD.

### Opinion delivered April 16, 1898.

MONEY HAD AND RECEIVED—WHEN LIES.—The agent of a landlord, without authority, accepted in part payment of the rent due to the landlord a note due to the latter which the tenant had purchased, and, after settling with the tenant, purchased from him the crop upon which the landlord held a lien for the rent. *Held* that the agent was liable to the landlord for the amount of the note, as for money had and received. (Page 224.)

Appeal from Woodruff Circuit Court.

HANCE N. HUTTON, Judge.

*P. R. Andrews* and *N. W. Norton*, for appellant.

Appellant cannot be held liable for money had and received where the proof shows affirmatively that he did not receive it.    22 Ark. 68; 23 Ark. 300; 11 Ark. 269.    Refusal to so instruct was error on the part of the trial court.

*R. D. Campbell*, for appellee.

An action for money had and received may be maintained, not only in case of actual receipt by defendant of *money* belonging to plaintiff, but in case of receipt of anything treated as or standing in lieu of money.    22 Ark. 68; 23 Ark. 294; 44 N. H. 291; 61 N. H. 339; 2 Greenl. Evid. § 118; 6 Gill, 81. Appellant had a right to instructions, properly framed, upon this point; but he is bound by the language he uses in the instructions, and if they stated the law incorrectly, they were properly refused.    51 Ark. 88; 13 Ark. 317; 23 Ark. 730.

Appellant disobeyed the instructions of his principal in accepting, as satisfaction of the debt, property other than money; hence he is not in a position to object to the form of action. 7 Cow. 68; 2 Greenl. Evid. § 118.   An agent empowered to collect money cannot accept anything else in satisfaction of the demand.   Mechem, Ag. § 375, and cases; 1 Am. & Eng. Enc. Law, 357-8, and cases; 56 Ark. 375.   If such an agent accepts anything in satisfaction of the debt except money, he will be chargeable for money.   11 Johns. 464; 7 Cow. 668; 14 Mass. 122.

BUNN, C. J.   This is a suit by Mrs. Stanwood against her agent, Snapp, for the sum of $224, the amount of rents alleged to have been collected by him from one Middlebrook, the tenant on the farm of plaintiff in Woodruff county for the year 1895.

Plaintiff resided at Russellville, Arkansas, and her agent, Snapp, was, and for some years had been, as such, renting out her said farm, and collecting the rents annually, with no other authority.   It appears that Snapp had collected the rents for the year 1895, but, in part payment of the same, had taken a note purporting to have been executed and delivered by plaintiff on the 23d December, 1890, to one Coody, for the sum of $145.39, due and payable 1st December, 1891.   This note had been sold and transferred, by indorsement, by Coody to T. E. Stanley, who, two or three weeks before the settlement between Snapp and Middlebrook, aforesaid, sold and transferred by indorsement the note to Middlebrook, on a credit, it seems; and Middlebrook also indorsed the note when Snapp received the same in part payment of said rents.

It appears, also, that, at the time of the settlement of the rents as stated, Snapp purchased all the cotton crop of Middlebrook for that year, and that Stanley was present at the time for the purpose of collecting from Middlebrook the purchase price of the note, and presumably succeeded in doing so, Middlebrook being the better enabled to pay him by reason of the reduction of the rent debt out of the proceeds of his crop.

Immediately after this settlement, Snapp rendered his account to Mrs. Stanwood, showing the acceptance and credit

by the amount of the note; and she as promptly rejected and repudiated said settlement for that reason, and at once notified him, with the declaration that if he (Snapp) did not pay her the amount of the note, which he had received and deducted without authority, she would sue him for the same; and, failing to do so, she did afterwards instituted this suit for money had and received against him. Judgment for plaintiff, and defendant appealed.

The only material question in this case is whether or not the facts sustain a suit for money had and received by the defendant to the use of the plaintiff. In *Hutchinson v. Phillips,* 11 Ark. 269, the rule is stated thus by this court: "To maintain assumpsit for money had and received, plaintiff must show that defendant has actually received his money, or prove such facts as raise a fair presumption that he has received it." But that is the syllabus. The language of the court in the same connection relaxes the rigid rule, where it says: "There are cases where money is considered as received or advanced when it is not actually done." And "it is not necessary in all cases to give positive evidence that the defendant had received money beloning to the plaintiff. When, from the facts found, it may be fairly presumed he has received the plaintiff's money, the action for money had and received is maintainable." In the case at bar, Snapp hesitated about taking the note in part payment of the rent, until assured by Stanley that his indorsement made it good; and, besides, Snapp purchased all the cotton crop of Middlebrook (for what price it is not stated), and upon this crop it is presumed Mrs. Stanwood had a lien for her rent. In *Peay* v. *Ringo,* 22 Ark. 68, this court said again: "To maintain *assumpsit* for money had and received, it must appear that the defendant received the money due the plaintiff, or something which he had received as or instead of money, or which he had converted into money before suit." Whether or not the thing received by the agent was received as money or in lieu of money, or when the agent will be regarded in any case as having converted into money, are questions of fact. This fact has in effect been determined by the trial court, in this case; and therefore errors, if any, must be sought for in instructions given and refused.

The first, third and fourth instructions asked by the defendant and refused by the court fail to suggest what may be termed, for convenience, the relaxation of the rigid rule announced in some cases, and were therefore properly refused. The second instruction asked by the defendant, and refused by the court, was properly refused, because it was not based upon the evidence; for the plaintiff promptly repudiated the unauthorized act of her agent, as soon as she was informed of it, and as promptly notified him of her rejection of his settlement containing the acceptance of her note, and defendant cannot be allowed to show her ratification by her mere after silence.

We see no error in the three several instructions given on behalf of plaintiff; at least we see no reversible error in the same.

The judgment is therefore affirmed.